```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

| | |
|---|---|
| DR. JOHN KIM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARINA DISTRICT DEVELOPMENT<br>COMPANY LLC,<br><br>　　　　Defendant. | Civil No. 09-1553-RMB-JS |

## SCHEDULING ORDER IN ARBITRATION CASE

　　　This Scheduling Order confirms the directives given to counsel at the initial scheduling conference on July 22, 2009; and the Court noting the following appearances: Salvatore J. Siciliano, Esquire, appearing on behalf of the plaintiff; and Jeffrey R. Lindsey, Esquire, appearing on behalf of the defendant.

　　　IT IS this **22nd** day of **July, 2009**, hereby **ORDERED**:

　　　1.　This matter is subject to compulsory arbitration pursuant to L. Civ. R. 201.1.

　　　2.　The time within which to seek amendments to the pleadings or to add new parties will expire on **October 1, 2009.**

　　　3.　Plaintiff shall return signed records authorizations to defendant within three (3) weeks of their receipt.

　　　4.　Defendant's medical examination of plaintiff shall be completed before the end of the fact discovery deadline.

　　　5.　Pretrial factual discovery is hereby extended to **December 31, 2009.** All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made before the expiration of pretrial factual discovery.

　　　6.　**Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in <u>Hall v. Clifton Precision</u>, 150 F.R.D. 525 (E.D.Pa. 1993).

7. All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of plaintiff shall be served upon counsel for defendant no later than **January 15, 2010.** All expert reports and expert disclosures pursuant to FED. R. CIV. P. 26(a)(2) on behalf of defendant shall be served upon counsel for plaintiff no later than **February 15, 2010.** Each such report should be accompanied by the curriculum vitae of the proposed expert witness. No expert opinion testimony shall be admitted at trial with respect to any witness for whom this procedure has not been timely followed.

The parties shall reserve their rights to conduct depositions of proposed expert witnesses until after the arbitration process or by leave of the Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to F. R. EVID. 701 and Teen-Ed v. Kimball International, Inc., 620 F.2d 399 (3d Cir. 1980).

8. **Dispositive Motions**. Dispositive motions shall be filed with the Clerk of the Court no later than **March 1, 2010.** Opposition to the motion should be served in a timely fashion. Counsel are to follow L. CIV. R. 7.1(c), (d) and (e), 56.1 and 78.1 (Motion Practice - Generally).

9. **Arbitration.** This case will be scheduled for arbitration pursuant to L. CIV. R. 201.1  The Clerk will advise counsel of the time and place of arbitration. By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in **April, 2010.**

10. **Joint Final Pretrial Order.** If counsel petitions for a trial de novo after arbitration, the date for submission of the Joint Final Pretrial Order will be scheduled and the date for trial will be set.

11. The Court will conduct a telephone status conference on **November 23, 2009 at 10:00 a.m**. **Counsel for plaintiff shall initiate the telephone call.**

12. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                              s/ Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge